## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF SOUTH DAKOTA
#### ROOM 211
#### FEDERAL BUILDING AND U.S. POST OFFICE
#### 225 SOUTH PIERRE STREET
### PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                                **TELEPHONE (605) 224-0560**
BANKRUPTCY JUDGE                                                      **FAX (605) 224-9020**


September 28, 2005

Forrest C. Allred,
Chapter 7 Trustee
14 Second Avenue SE, Suite B
Aberdeen, South Dakota   57401

David J. Fransen, Esq.
Counsel for Aberdeen Finance Corporation
Post Office Box 1433
Aberdeen, South Dakota   57402

          Subject:   *In re John J. Shishnia*,
                     Chapter 7, Bankr. No. 05-10073

Dear Trustee and Counsel:

     The matter before the Court is the Motion to Sell Personal
Property Free and Clear of Liens filed by Trustee Forrest C. Allred
and the objection thereto filed by Aberdeen Finance Corporation.
This is a core proceeding under 28 U.S.C. § 157(b)(2).[1]   This
letter decision and accompanying order shall constitute the Court's
findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).
As set forth below, the Trustee's sale motion will be granted.

     *Summary of stipulated facts.*  John J. Shishnia operated a sole
proprietorship known as Hub City Masonry.  Some of his work tools
were located at his home at 1619 Melody Lane; some were held by
Aberdeen Finance, Inc.; some were at a previous business location
on East Highway 12; and some were at a business place known as
Granite Works located at 15 North State Street.  [All addresses
were in Aberdeen, South Dakota.]  Debtor did not have any interest
in the Granite Works business.  Located at 15 North State Street
were some bricks and scaffolding he owned.

     On July 1, 2003, Shishnia borrowed money from Aberdeen Finance

---

     [1]  Both parties evidently waived the opportunity to have this
lien  issue  decided  through  an  adversary  proceeding  under
Fed.R.Bankr.P. 7001(2) since the application of the Rule was never
raised with the Court.

Re: John J. Shishnia
September 28, 2005
Page 2


Corporation ("AFC") and he gave AFC a security interest in certain personalty.  The note and security agreement described this collateral as "TOOLS AND INVENTORY USUAL TO A MASONRY COMPANY LOCATED 1619 MELODY LANE ABERDEEN, SD."  The financing statement described the collateral as "All Tools and Equipment Usual to a Masonry Company Located at 1619 Melody Lane, Aberdeen, Brown County, SD."  The financing statement was appropriately and timely filed.

On March 14, 2005, Shishnia filed a Chapter 7 petition in bankruptcy.  On May 3, 2005, case trustee Forrest C. Allred filed a motion seeking court approval to sell the bricks and scaffolding that had been located at 15 North State Street with any secured interests attaching to the proceeds.  AFC objected on grounds that it had a secured interest in the personalty to be sold based on the note, security agreement, and financing statement described above.

A hearing was held June 7, 2005.  The parties agreed to submit the matter on stipulated facts and briefs.

In his briefs, Trustee Allred argued AFC's secured interest was limited to property located at 1619 Melody Lane.  AFC in its brief argued that its security documents included the bricks and scaffolding at the State Street location because the documents met the minimum requirements of S.D.C.L. § 57A-9-502 by describing usual masonry tools. It argued that the incomplete description of the personalty's location was not fatal because the documents essentially encompassed all tools "usual to a masonry company" and third parties would not be misled by the inclusion of Shishnia's home address.

*Discussion*.  The collateral description can be read two ways. Did AFC mean to secure all tools and equipment located at 1619 Melody Lane that are usual to a masonry company or did it want to secure all tools and equipment usual to a masonry company that is located at 1619 Melody Lane?  Whichever way the location clause of the collateral description is read, however, the inclusion of the address constituted a limitation.  Third parties were not put on notice that AFC was taking as collateral anything but the tools and equipment located at 1619 Melody Lane.[2]  Accordingly, this Court agrees with those courts that have held a limiting  address clause

---

[2]   In the parties' stipulated facts, there was no statement that the bricks and scaffolding were located at 1619 Melody Lane when Debtor gave AFC its security interest and then they were later moved to 15 North State Street.

Re: John J. Shishnia
September 28, 2005
Page 3


in the description of collateral may be fatal to a creditor's security interest. *See Charger Boats v. Tepper Industries, Inc. (In re Tepper Industries)*, 74 B.R. 713, 715-17 (B.A.P. 9th Cir. 1987), and *In re Freeman*, 33 B.R. 234, 235-36 (Bankr. C.D. Cal. 1983). *Compare American National Bank and Trust Co. of Chicago v. Matrix IV, Inc. (In re S.M. Acquisition Co.)*, 296 B.R. 452 (Bankr. N.D. Ill. 2003)(location of collateral set forth in a different section of the security agreement does not limit the collateral where the collateral description itself in the agreement did not contain a location).

It does not appear that any of the U.C.C. revisions in 2000 dictate a material alteration to this conclusion. Sections 57A-9-108, 57A-9-502 [former 9-402(1), (5) and (6)], and 57A-9-504 [former 9-402(1)] require AFC to "reasonably" describe the collateral. *See Baldwin v. Castro County Feeders I, Ltd.*, 678 N.W.2d 796, 800-01 (S.D. 2004). AFC essentially described its collateral through a "specific listing" under § 57A-9-108(b)(1), but by including the location, AFC limited the personalty in which it took a secured interest. No other reasonable conclusion can be reached.

Since AFC's collateral description in its loan and security documents did not include the bricks and scaffolding at 14 North State Street, AFC does not have a perfected security interest in the bricks and scaffolding that must be protected in any sale proposed by Trustee Allred.[3] AFC's objection to the Trustee's sale motion will thus be overruled. Trustee Allred shall submit a sale order consistent with this letter decision.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

SEP 29 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

INH:sh

Sincerely,

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

SEP 29 2005   Irvin N. Hoyt
                Bankruptcy Judge
Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

CC:  case file (docket original; serve parties in interest)

---

[3]   Though the parties did not argue the issue, the bricks likely would not have fallen under the "tools and equipment" collateral description anyway.

```
Forrest C. Allred
14 Second Ave SE Ste B
Aberdeen, SD 57401
```

```
David J. Fransen
PO Box 1433
Aberdeen, SD 57402
```

```
Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321
```

```
Robert E. Hayes
PO Box 1030
Sioux Falls, SD 57101-1030
```

```
John James Shishnia
1619 Melody Lane
Aberdeen, SD 57401
```

```
Thomas M. Tobin
PO Box 1456
Aberdeen, SD 57402-1456
```

**Total labels:** 6

**Not printed due to inadequate address:** 2